FRANKLIN,
January,
1833.

Wilkins
vs.
Burton.

————

## EBENEZER WISWALL vs. WILLIAM H. WILKINS.

FRANKLIN,
January,
1831.

Where several creditors extend their executions each upon an undivided
moiety of their debtors land, they become tenants, in common thereof.

Where one of several cotenants is in the occupancy of lands, he must be
considered as possessing not only for himself, but for the others, although there
does not appear to be any contract or agreement between them.

A cotenant in possession, not denying the right of other cotenants to a parti-
cipation in the profits, is liable to be called to account by each, therefor.

This was an action of account against the defendant as
Bailiff and Receiver of the plaintiff in respect to the issues
and profits of certain lands in St. Albans ; to which the

Franklin,
January,
1831.

Wiswall
vs.
Wilkins.

defendant pleaded that he was never bailiff and receiver— on which plea issue was joined.

The case which the plaintiff undertook to establish was, that by the levy of an execution in his favor against one Nathaniel Burton made in 1811, he acquired a title to an undivided half or moiety of the lands mentioned in the plaintiff's Declaration; that the defendant or those under whom he holds, at or about the same time acquired a title to the other half or moiety of said lands, by other levies of executions against the said Burton;—and that the defendant either owning said last half or moiety, or being tenant of the same under the owner had for many years enjoyed and occupied the whole of said lands, taking all the profits thereof to himself.

The plaintiff having introduced evidence showing a title in said Burton previous to the levies of said executions, offered in evidence the levy of the execution in his favor against said Burton, made on the 9th day of October, 1811. The defendant took several objections to said levy. 1st. That it did not appear by the officers return that he made any demand of payment of the execution of the judgment debtor, or that the latter neglected or refused to expose goods and chattels to satisfy said execution. 2d. Because an undivided interest in each of said lands was extended and set off. 3d. That the appointment of appraisers was not legally made—and 4th. That the oath to the appraisers was not legal or not legally administered—and because it did not appear that said appraisers were resident in the town of St. Albans—Whereupon the Court decided that the levy was defective and did not pass any title to the plaintiff.

The plaintiff then offered to show the title and possession of the defendant to the other half of said lands according to his preliminary statement aforesaid, originating in sundry levies in favor of Tappan and Sewall, and other creditors of Burton; contending that upon the proof of such title and possession the defendant should be legally regarded as a tenant in common with the plaintiff—it not being shown that Burton had ever contested the title of the plaintiff. But the Court decided that the evidence offered would not entitle the plaintiff to a verdict, unless it were also proved that the defendant had enjoyed and occupied

the moiety claimed by the plaintiff by *contract* or *licence* of the plaintiff and in subjection to his supposed title—and no evidence of such *contract* or *licence* being offered, the Court directed a verdict for the defendant—which was returned accordingly and judgment rendered thereon. To all which decisions and directions of the Court the plaintiff accepted; and the case now comes up to this court for consideration.

*D. Read for plaintiff.*—1st. The plaintiff contends that the defendant is estopped from denying the title of the plaintiff, as they both derive title from the same common source. 1 Chip. R. 369, *Bush* vs. *Whiting*; 2 Stark. Evi. 386, 387.

Hence the levies of the executions although they might be illegal and void as against Burton should have been admitted by the Court to show a tenancy in common between the parties. 9 John. R. 174, 11 do. 461.

2d. When undivided moities of lands are set off on execution to different creditors they are legally regarded as tenants in common. 6 Con. R. 165; 13 Mass. R. 529.

3d. Under the third section of the act relating to actions of account, one tenant in common can charge another " as bailiff, for receiving more than his just proportion of any estate or interest" without any *appointment, contract* or *licence* to that effect. Stat. 142; Swift Dig. 580, do. 581, do. 582; Co. Lit. 172, do. 200; 1 Chitty. Pl. 482-3. Willis R. 208.

*J. Smith, for defendant.*—Defendant contends that the levy of the execution in favor of the plaintiff against Nathaniel Burton, was void, and properly rejected by the County Court for the several causes mentioned in the bill of exceptions; also the levy of the execution in favor of said Tappan and Sewall against said Burton.

The plaintiff having failed to show, either a legal title to the moiety of land described in his declaration, or that the defendant enjoyed or occupied the same by contract, or licence from the plaintiff, the County Court did right in directing the Jury to return a verdict for the defendant.

11

FRANKLIN,
January,
1833.

Wiswall
vs.
Wilkins

PADDOCK, J.—In this case, the plaintiff, Wiswall calls on the defendant to render an account for the rents and profits of certain lands and tenements, of which the Plaintiff claims to be a joint tenant with the defendant.

It appears that in 1811, the plaintiff, together with the defendant and others under whom the defendant claimed to hold, levied their *executions* on the houses and lands of one *Burton* their debtor ; the levies were all made by the same officer, and on the same day, who returned that he put each of the creditors in possession.

The levy of all the *executions* appear to be defective; and had *Burton* resisted the right thereby acquired by his creditors, there cannot be a doubt but the levies would all have been declared void. But from his silence, it is to be presumed that he acquiesced at the time, and has ever since been content, and now it is too late for him, to disturb them, for the title has become perfect in his creditors, the statute of limitation having run in their favor.

The question then is, whither by the levy, the execution creditors became tenants in common ; and of that, there can be no doubt, as each execution was extended upon an undivided portion of the whole lands levied upon, they could hold in no other manner ; and although it does not appear that there was any contract entered into between the plaintiff, defendant and the other claimants that the defendant should occupy and enjoy the premises, yet he must be regarded as possessing not only for himself but for his co-tenants ; nothing appearing from the case that he had ever ousted them of their possession, by setting up a title in himself or denying their right to possess, or a participation in the rents and profits. The presumption is, that he has occupied by the mutual consent of all concerned, and is liable to be called to account by each of his co-tenants. Woodfall's Landlord & Ten. 89.

This being the view which the Court have taken of the case, the judgment of the County Court must be reversed, and a new trial granted.